FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 08, 2022

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NIA D.,<br><br>                              Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                              Defendant. | NO:  4:21-CV-5109-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT, without oral argument, are cross-motions for summary judgment from Plaintiff Nia D.[1] ECF No. 10, and Defendant the Commissioner of Social Security (the "Commissioner"), ECF No. 14.  Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), of the Commissioner's denial of her claim for Social Security Disability Insurance

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first name and last initial.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 1

Benefits ("DIB") and Social Security Income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"). *See* ECF No. 10 at 1–2. Plaintiff did not reply to the Commissioner's Motion.

Having considered the parties' motions, the administrative record, and the applicable law, the Court is fully informed. For the reasons set forth below, the Court grants summary judgment in favor of the Commissioner.

## BACKGROUND

### *General Context*

Plaintiff was born in 1990 and applied for DIB and SSI on approximately October 23, 2019, alleging disability beginning on April 1, 2014. Administrative Record ("AR")[2] 250. Plaintiff asserts that she is a male-to-female transgender woman who suffers from depression, anxiety, attention deficit disorder, and borderline personality disorder and is unable to work due to her mental health impairments. *See* AR 257–58, 265; *see also* ECF No. 10 at 2. The application was denied initially and upon reconsideration, and Plaintiff requested a hearing. *See* AR 173–86.

On March 9, 2021, Plaintiff appeared at a hearing, represented by attorney Chad Hatfield, before Administrative Law Judge ("ALJ") Mark Kim in Spokane,

---

[2] The AR is filed at ECF No. 10.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 2

Washington.  AR 44–46.  Due to the exigencies of the COVID-19 pandemic,

Plaintiff and her counsel appeared telephonically.  AR 41–42.  The ALJ also heard

telephonically from vocational expert Thomas Weiford.  AR  72–79.  Plaintiff and

Mr. Weiford responded to questions from ALJ Kim and counsel.  AR 17–30.

Plaintiff amended her alleged onset date to October 21, 2015.  AR 51.

### *ALJ's Decision*

On April 12, 2021, ALJ Kim issued an unfavorable decision.  AR 15–28.

Applying the five-step evaluation process, ALJ Kim found:

**Step one:** Plaintiff meets the insured status requirements of the Social

Security Act through September 30, 2023, and Plaintiff has not engaged in

substantial gainful activity since October 21, 2015, the amended alleged onset date.

AR 20.

**Step two:** Plaintiff has the following severe impairments that are medically

determinable and significantly limit her ability to perform basic work activities:

major depressive disorder; generalized anxiety disorder; borderline personality

disorder; and cannabis use disorder, under 20 C.F.R. §§ 404.1520(c) and 416.920(c).

AR 20.  The ALJ further found that attention deficit hyperactivity disorder

("ADHD"), gender dysphoria, and posttraumatic stress disorder ("PTSD") were non-

severe impairments that would have no more than a minimal effect on Plaintiff's ability to perform basic work activities.  AR 20–21.

**Step three:** The ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).  AR 21.

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff had the RFC to: perform simple, routine, tasks with a reasoning level of 2 or less; work involving occasional job-related decision making and only occasional and simple changes; work not involving fast-paced type work; and work involving no interaction with the public and only occasional and superficial interaction with coworkers.  AR 23.

In determining Plaintiff's RFC, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her alleged symptoms "are not entirely consistent with the medical evidence and other evidence in the record" for several reasons that the ALJ discussed.  AR 24.

**Step four:** The ALJ found that Plaintiff has past relevant work as a credit card clerk and call center worker.  AR 28.  The ALJ relied on the VE's testimony to find

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 4

that Plaintiff is unable to perform her past relevant work as actually or generally performed.  AR 28.

**Step five:** The ALJ found that Plaintiff has a high school education; was 25 years old on her alleged disability onset date, which is defined as a younger individual (age 18-49); and that transferability of job skills is not material to the determination of disability because the application of the Medical-Vocational Guidelines to Plaintiff's case supports a finding that Plaintiff is "not disabled," whether or not Plaintiff has transferable job skills.  AR 28–29.  The ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform considering her age, education, work experience, and RFC.  AR 29.  Specifically, the ALJ recounted that the VE identified the following representative occupations that Plaintiff would be able perform with the RFC: Warehouse Worker, Janitor, and Industrial Cleaner.  AR 29.  The ALJ concluded that Plaintiff had not been disabled within the meaning of the Social Security Act from October 21, 2015, through the date of the ALJ's decision.  AR 30.

The Appeals Council denied review.  AR 1–6.

/ / /

/ / /

/ / /

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 5

**LEGAL STANDARD**

***Standard of Review***

Congress has provided a limited scope of judicial review of the Commissioner's decision. 42 U.S.C. § 405(g). A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

1    A decision supported by substantial evidence still will be set aside if the

2  proper legal standards were not applied in weighing the evidence and making a

3  decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir.

4  1988).  Thus, if there is substantial evidence to support the administrative findings,

5  or if there is conflicting evidence that will support a finding of either disability or

6  nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*,

7  812 F.2d 1226, 1229–30 (9th Cir. 1987).

8    ***Definition of Disability***

9    The Social Security Act defines "disability" as the "inability to engage in any

10  substantial gainful activity by reason of any medically determinable physical or

11  mental impairment which can be expected to result in death or which has lasted or

12  can be expected to last for a continuous period of not less than 12 months."  42

13  U.S.C. §§ 423(d)(1)(A).  The Act also provides that a claimant shall be determined

14  to be under a disability only if her impairments are of such severity that the claimant

15  is not only unable to do her previous work, but cannot, considering the claimant's

16  age, education, and work experiences, engage in any other substantial gainful work

17  which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A). Thus, the

18  definition of disability consists of both medical and vocational components.  *Edlund*

19  *v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 7

***Sequential Evaluation Process***

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R. §§ 416.920, 404.1520. Step one determines if he is engaged in substantial gainful activities.  If the claimant is engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §§ 416.920(a)(4)(i), 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 416.920(a)(4)(ii), 404.1520(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §§ 416.920(a)(4)(iii), 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment

1    prevents the claimant from performing work that he has performed in the past.  If the

2    claimant can perform her previous work, the claimant is not disabled.  20 C.F.R. §§

3    416.920(a)(4)(iv), 404.1520(a)(4)(iv).  At this step, the claimant's RFC assessment

4    is considered.

5         If the claimant cannot perform this work, the fifth and final step in the process

6    determines whether the claimant is able to perform other work in the national

7    economy considering her residual functional capacity and age, education, and past

8    work experience.  20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v); *Bowen v.*

9    *Yuckert*, 482 U.S. 137, 142 (1987).

10        The initial burden of proof rests upon the claimant to establish a prima facie

11   case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th

12   Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden

13   is met once the claimant establishes that a physical or mental impairment prevents

14   him from engaging in her previous occupation.  *Meanel*, 172 F.3d at 1113. The

15   burden then shifts, at step five, to the Commissioner to show that (1) the claimant

16   can perform other substantial gainful activity, and (2) a "significant number of jobs

17   exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722

18   F.2d 1496, 1498 (9th Cir. 1984).

19   / / /

20

21   ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
     AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
     JUDGMENT ~ 9

## ISSUES ON APPEAL

The parties' motions raise the following issues regarding the ALJ's decision:

1.    Did the ALJ erroneously assess the medical opinion evidence?

2.    Did the ALJ err at step three in finding that Plaintiff's impairments did not satisfy all of the requirements of Listings 12.04, 12.06?

3.    Did the ALJ erroneously assess Plaintiff's subjective symptom complaints?

4.    Did the ALJ err in formulating the RFC and making vocational findings at step five?

### *Medical Opinion Testimony*

Plaintiff maintains that all eight medical professionals who evaluated Plaintiff assessed limitations precluding competitive employment, and the ALJ "erred by arbitrarily replacing these disabling findings with his own lay opinion—by both improperly rejecting several disabling opinions and failing to translate the disabling limitations from other opinions to the RFC."  ECF No. 10 at 2–3.

Plaintiff argues that the ALJ erred in his evaluation of the eight medical opinions, from Terilee Wingate, PhD; David T. Morgan, PhD; NK Marks, PhD; Aaron Burdge, PhD; and Holly Petaja, PhD; Eugene Kester, MD; Jon Anderson, PhD; and Kristin McMurray, ARNP.  The Commissioner contends that the ALJ

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 10

reasonably evaluated the medical source opinions under the framework provided by the revised regulations.  ECF No. 14 at 6–7 (citing 20 C.F.R. §§ 404.1520c, 416.920c (2017)).

The regulations that took effect on March 27, 2017, provide a new framework for the ALJ's consideration of medical opinion evidence and require the ALJ to articulate how persuasive he finds all medical opinions in the record, without any hierarchy of weight afforded to different medical sources.  *See* Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017); 20 C.F.R. § 404.1520c.  Instead, for each source of a medical opinion, the ALJ must consider several factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors such as the source's familiarity with other evidence in the claim or an understanding of Social Security's disability program.  20 C.F.R. § 404.1520c(c).

Supportability and consistency are the "most important" factors, and the ALJ must articulate how he considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding.  20 C.F.R. § 404.1520c(b)(2).  With respect to these two factors, the regulations provide that an opinion is more persuasive in relation to how "relevant the objective medical evidence and supporting explanations presented" and how "consistent" with

evidence from other sources the medical opinion is.  20 C.F.R. § 404.1520c(c)(1).

The ALJ may explain how he considered the other factors, but is not required to do

so, except in cases where two or more opinions are equally well-supported and

consistent with the record.  20 C.F.R. § 404.1520c(b)(2), (3).  Courts also must

continue to consider whether the ALJ's finding is supported by substantial evidence.

*See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to

any fact, if supported by substantial evidence, shall be conclusive . . . .").

         Prior to issuance of the new regulations, the Ninth Circuit required an ALJ to

provide clear and convincing reasons to reject an uncontradicted treating or

examining physician's opinion and provide specific and legitimate reasons where the

record contains a contradictory opinion.  *See Revels v. Berryhill*, 874 F.3d 648, 654

(9th Cir. 2017).  Recently, the Ninth Circuit held that the Social Security regulations

revised in March 2017 are "clearly irreconcilable with [past Ninth Circuit] caselaw

according special deference to the opinions of treating and examining physicians on

account of their relationship with the claimant."  *Woods v. Kijakazi*, No. 21-35458,

2022 U.S. App. LEXIS 10977, at *14 (9th Cir. Apr. 22, 2022).  The Ninth Circuit

continued that the "requirement that ALJs provide 'specific and legitimate reasons'

for rejecting a treating or examining doctor's opinion, which stems from the special

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 12

weight given to such opinions, is likewise incompatible with the revised

regulations." *Id*. at *15 (internal citation omitted).

Accordingly, as Plaintiff's claim was filed after the new regulations took

effect, the Court refers to the standard and considerations set forth by the revised

rules for evaluating medical evidence. *See* AR 17.

### Terilee Wingate, PhD

Plaintiff argues the ALJ erred in purporting to find examining psychologist

Dr. Wingate's disabling opinion persuasive, but "fail[ing] to address the fact that

[Plaintiff] would suffer interruptions from anxiety, depressed mood, and social

discomfort throughout the workday and workweek." ECF No. 10 at 9.  Plaintiff

adds that the ALJ failed to address Plaintiff's tendency to withdraw when

overwhelmed, which Plaintiff argues, at the least, supports remand for further

consideration of Dr. Wingate's opinion. *Id.*  However, Plaintiff argues that remand

for benefits is supported because "vocational expert testimony confirms that the

need for unscheduled breaks or off-task behavior occurring just 15% of the time

precludes competitive employment." *Id.*

The Commissioner responds that the ALJ addressed Plaintiff's limitations in

attention and stress by formulating the RFC to include only occasional decision

making, occasional and simple changes, no fast-paced work, no interaction with the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 13

public, and simple, routine tasks rather than complex tasks.  ECF No. 14 at 9.  The

Commissioner argues that the ALJ adequately addressed Dr. Wingate's opinion

related to difficulty sustaining concentration and tendency to withdraw because

those limitations are a result of poor stress tolerance.  *Id.* at 9–10.

Dr. Wingate examined Plaintiff by telehealth, due to the COVID-19

pandemic, on June 10, 2020, and opined that Plaintiff "can understand, remember

and learn simple and some complex tasks."  AR 769.  Dr. Wingate continued:

> She has difficulty sustaining attention to tasks throughout a daily or
> weekly work schedule without interruption from anxiety, depressed
> mood, and social discomfort. She has poor stress tolerance at this time
> and when pressures are placed upon her, she will withdraw. She has
> sufficient judgment to avoid hazards and make work decisions. She can
> probably work with a supervisor and a few coworkers, although she
> reported that she is sensitive to criticism of others and this could impact
> her behavior at work. She would not work well with a lot of coworkers
> or the general public. If granted funds she appears capable.

AR 769.

The ALJ found Dr. Wingate's opinion "substantially persuasive because it is

generally consistent with the medical evidence of record except the medical

evidence of record does not support the ability to perform complex tasks."  AR 26.

The ALJ further found that his RFC "appropriately addresses limits of attention and

stress by requiring only occasional decision making, occasional and simple changes,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 14

no fast-paced work, and no interaction with the public. It limits the claimant to simple, routine tasks rather than complex tasks."  AR 26.

Under its prior "clear and convincing reasons" standard, the Ninth Circuit has held that an ALJ need not provide clear and convincing reasons for rejecting a medical opinion that does not conflict with an ALJ's RFC.  *Krampitz v. Saul*, 853 F. App'x 99, 102 (9th Cir. 2021) (citing *Turner v. Comm'r Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (concluding that an ALJ did not need to provide clear and convincing reasons for rejecting a medical opinion that did not identify any specific limitations or conflict with the ALJ's RFC determination)); *see also Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) ("Clear and convincing reasons are not required, however, when there is no conflict.").

The ALJ's RFC was more restrictive than Dr. Wingate's opinion with respect to Plaintiff's ability to complete complex tasks.  *Compare* AR 769 (opining that Plaintiff can complete "some complex tasks") *with* AR 23 (RFC limiting Plaintiff to "simple, routine, tasks with a reasoning level of 2 or less").  Dr. Wingate opined that Plaintiff would experience "difficulty sustaining attention to tasks," and the Court notes that the RFC limits Plaintiff to no fast-paced work and only simple, routine tasks.  *See* ECF No. 10 at 9; AR 769  The Court does not find that Plaintiff has identified any specific conflict between Dr. Wingate's opinion regarding attention

difficulty and the RFC.  In addition, Plaintiff argues that the ALJ failed to address

Plaintiff's tendency to withdraw when overwhelmed.  ECF No. 10 at 9.  However,

the RFC includes several limitations that relate to, and arguably address, Plaintiff

becoming overwhelmed in certain situations.  *See* AR 23.  Again, the Court cannot

identify any conflict between the RFC and Dr. Wingate's opinion.  Therefore, the

Court finds no error in ALJ Kim's treatment of Dr. Wingate's opinion.

### David T. Morgan, PhD

Plaintiff argues the ALJ erred his assessment of examining psychologist's

opinions based on a September 19, 2019 psychological evaluation of Plaintiff.  ECF

No. 10 at 9–10.  Plaintiff maintains that the ALJ misinterpreted the record when he

rejected Dr. Morgan's opinions for lack of mental status findings, a ten-month

duration, and Plaintiff's 2019 employment.  *Id.* at 10 (citing AR 27).  Plaintiff

continues that "the ALJ ignores the fact that [Plaintiff's] alleged onset date is

October 21, 2015, thus another 10 months from September 19, 2019, is well past the

12-month durational requirement—which is also just a step two hurdle."  *Id.*

Plaintiff asserts that she does not deny that she engaged in irregular work, only that

she has not had regular employment since 2018.  *Id.* (citing *Lester v. Chater*, 81 F.3d

821, 833 (9th Cir. 1995) ("Occasional symptom-free periods—and even the sporadic

ability to work—are not inconsistent with disability.").  In addition, Plaintiff

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 16

maintains that Dr. Morgan supported his opinion with clinical findings, including that Plaintiff had moderate to marked depression, anxiety, and borderline personality, with daily frequency of symptoms.

The Commissioner responds that Plaintiff appeared "depressed but . . . within normal limits in though [sic] process and content, orientation, perception, memory, fund of knowledge, concentration, abstract thought, and insight and judgement [sic]." ECF No. 14 at 13 (citing AR 495–96). The Commissioner contends that the ALJ legitimately considered Plaintiff's 2019 work for Parker Staffing Services and Asurian Insurance Services in 2019 because and ALJ may consider even part-time work in determining whether a claimant is disabled. *Id.* (citing *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020)). The Commissioner asserts that consistency with other evidence is one of the most important factors in assessing medical source opinions, and Dr. Morgan's moderate and marked limitation opinion was inconsistent with Plaintiff's ability to work that same year. *Id.* (citing 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2)).

Dr. Morgan completed a psychological evaluation of Plaintiff for the Washington State Department of Social and Health Services ("DSHS") on September 19, 2019. AR 492. Dr. Morgan made clinical findings of symptoms of depression, anxiety, and borderline personality, and found that Plaintiff's symptoms

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 17

were moderately to markedly severe for each condition.  AR 493.  However, Dr.

Morgan's mental status examination noted that Plaintiff was well groomed, had a

cooperative attitude, displayed normal speech and affect, and that her thought

process, orientation, perception, memory, fund of knowledge, concentration, abstract

thought, insight, and judgment all were within normal limits.  AR 496.  Plaintiff's

mood was the only observation detail that Dr. Morgan noted to be outside of normal

limits, as "depressed."  AR 495–96.  Nevertheless, Dr. Morgan opined that Plaintiff

was moderately limited in nine basic work activities and markedly limited in three.

AR 494.  Dr. Morgan indicated that the "length of time [Plaintiff] will be impaired

with available treatment" was ten months.  AR 495.

The ALJ found Dr. Morgan's unpersuasive as follows:

> The opinion of David T. Morgan, Ph.D., for DSHS . . . is unpersuasive
> because it is not durational for a period of 12 continuous months as
> required by the Regulations. Dr. Morgan opined the claimant's would
> be impaired for only 10 months.  Reviewing psychologist for DSH [sic],
> Holly Petaja, Ph.D., adjusted the duration to 12 months, but opined
> onset of September 19, 2019. Dr. Morgan reported mental status
> evaluation revealed depressed mood and normal results in all other
> areas including thought processes, orientation, memory, perception,
> fund of knowledge, concentration, insight, and judgement. Moreover,
> Dr. Morgan's opinion of marked limitation in the claimant's ability to
> perform activities within a schedule, maintain regular attendance, and
> be punctual; communicate and perform effectively in a work setting;
> and complete a normal workday/workweek is inconsistent with the
> record, which shows earnings at the time of the September 19, 2019
> evaluation (e.g. Asurion Insurance Services). The claimant told Dr.
> Morgan she had not had regular employment since 2018, but the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 18

earnings record shows employment during the 2nd and 3rd quarters of 2019.

AR 27 (internal citations omitted).

With respect to duration, to be disabling, an impairment must last for at least twelve months or cause death. *See* 42 U.S.C. §§ 423(d)(1)(A), 20 C.F.R. § 404.1509. Plaintiff argues that "the ALJ ignores the fact that [Plaintiff's] alleged onset date is October 21, 2015, thus another 10 months from September 19, 2019, is well past the 12-month durational requirement—which is also just a step two hurdle." ECF No. 10 at 10. However, Plaintiff's argument contains false assumptions, as Dr. Morgan's evaluation does not establish that Plaintiff's symptoms commenced on October 21, 2015, and, more critically, Dr. Morgan does not specify in his evaluation when the ten months of impairment that he assessed began or would end. *See* AR 495.

With respect to whether the ALJ erred in evaluating the consistency of Dr. Morgan's opinions, the ALJ's decision recites that he considered whether the limitations that Dr. Morgan assessed were consistent with his mental status examination of Plaintiff. AR 27. Indeed, Dr. Morgan's mental status examination form indicates all normal findings except a depressed mood. AR 496. In addition, the ALJ noted that Dr. Morgan was aware, based on Plaintiff's self-report, only that Plaintiff had not had regular employment since 2018. AR 27. However, Plaintiff

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 19

worked for Asurion Insurance and Parker Staffing Services in the second and third

quarters of 2019, less than six months before Dr. Morgan's evaluation.  AR 312.

The ALJ did not find that Plaintiff's short-term employment with these employers

was "regular" employment or that Plaintiff denied that she engaged in irregular

work; therefore, Plaintiff's discussion of both matters is not on point in determining

whether the ALJ erred.  *See* ECF No. 10 at 10.  Rather, the record supports both that

Plaintiff was able to earn wages, albeit for approximately one month, proximate to

her evaluation by Dr. Morgan, and, second, that Dr. Morgan did not indicate that he

was aware of this fact.  *See* 312, 322, 492–96.  The ALJ considered the "most

important" factors of consistency and supportability in evaluating Dr. Morgan's

opinions.  *See* 20 C.F.R. § 404.1520c(b)(2).  Consequently, the Court finds that the

ALJ's rejection of Dr. Morgan's opinion that Plaintiff would be markedly limited in

several daily work activities to be supported by substantial evidence.

### N.K. Marks, PhD and Aaron Burdge, PhD

Dr. Marks completed a psychological evaluation of Plaintiff for DSHS on

June 16, 2017.  AR 870–75.  Plaintiff argues that the ALJ erred in finding Dr.

Marks's opinion not persuasive because the ALJ "mischaracterized" Dr. Marks's

findings as normal, and, by contrast, Dr. Marks's examination and clinical findings,

as well as the longitudinal record, support Dr. Marks's opinion.  ECF No. 10 at 12–

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 20

13.  Plaintiff further argues that Plaintiff's "work attempts shall not be held against her," as argued with respect to Dr. Morgan.  *Id.* at 12.  Correspondingly, Plaintiff argues that the ALJ erred in rejecting Dr. Burdge's opinion confirming Dr. Marks's functional assessment.  *Id.* at 12.

The Commissioner responds that the ALJ reasonably concluded that these opinions were not adequately supported and were inconsistent with the record.  ECF No. 14 at 16.  The Commissioner further asserts that the ALJ may consider "any work activity," including work that does not qualify as substantial gainful activity," in assessing the consistency of a doctor's opinion with other record evidence.  *Id.*

Dr. Marks examined Plaintiff on June 16, 2017, and completed a psychological evaluation for DSHS.  AR 870–75.  Dr. Marks made clinical findings of symptoms placing Plaintiff in the severe range of depression and anxiety, and found that Plaintiff expressed symptoms of gender dysphoria.  AR 872.  Dr. Marks ultimately assessed marked to severe limitations in eight basic work activities and an overall moderate severity rating based on the combined impact of all diagnosed mental impairments.  AR 873.  Dr. Marks found Plaintiff markedly limited in her ability to ask simple questions, maintain appropriate behavior in a work setting, complete a normal workday/workweek, and set realistic goals and plan independently.  AR 873.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 21

1    The ALJ found that Dr. Marks's opinion "unpersuasive" as inconsistent with

2    the medical record, Plaintiff's employment around the time of the evaluation, and

3    Dr. Marks's own examination findings.  AR 27.

4    The record supports that Plaintiff worked before and after Dr. Marks's

5    evaluation, including at a substantial gainful activity level in 2018, as the ALJ found

6    earlier in his decision.  AR 20 (finding Plaintiff's earnings for the fourth quarter of

7    2018 were over substantial gainful activity level) and 25.  In addition, substantial

8    evidence supports that Dr. Marks found Plaintiff to have abnormal thought processes

9    and perceptions because Plaintiff reported to Dr. Marks that she saw shadows

10   sometimes, and Dr. Marks noted Plaintiff's mood to be anxious but also calm.  AR

11   27, 874.  All of Dr. Marks's other mental status examination findings were

12   unremarkable or within normal limits.  AR 874.  The ALJ also noted that Plaintiff

13   did not report to Dr. Morgan in the 2019 evaluation that she was seeing shadows or

14   otherwise hallucinating.  AR 27.  These reasons all go to the consistency and

15   supportability factors that ALJs must consider, and the ALJ cited to substantial

16   evidence in the record.  *See* 20 C.F.R. § 404.1520(c) (requiring ALJ to consider the

17   amount of objective medical evidence and supporting explanations presented by the

18   source).   The Court does not find error in the ALJ's treatment of Dr. Marks's

19   medical source opinion.

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 22

Dr. Burdge reviewed the evaluation report of Dr. Marks in July 2017, and assessed the same moderate and marked limitations.  AR 876–79.  The ALJ found: "Since Dr. Burdge did not actually evaluate the claimant, I find his opinion unpersuasive for the same reasons Dr. Marks' opinion is not persuasive."  AR 27–28.  As the Court already determined that the ALJ's treatment of Dr. Marks's opinion was free of error, the Court likewise finds that the ALJ's treatment of Dr. Burdge's opinion, which was based only on a review of Dr. Marks's report, was not erroneous.

### **Holly Petaja, PhD**

Plaintiff maintains that the ALJ made a harmful legal error in making no findings about Dr. Petaja's opinions, rendered after completing a review of evidence and evaluation of Plaintiff on September 23, 2019.  ECF No. 10 at 13–14.

The Commissioner responds that the ALJ did not need to explicitly and separately articulate that he was not persuaded by Dr. Petaja's opinion because he "discussed Dr. Petaja's opinion in conjunction with Dr. Morgan's and found Dr. Morgan's opinion not persuasive because it was inconsistent with Darling's ability to work."  ECF No. 14 at 14–15.  The Commissioner maintains that "this Court may infer that the ALJ was not persuaded by Dr. Petaja's opinion for the same reason."  *Id.* at 15.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 23

1    On September 23, 2019, Dr. Petaja reviewed the evaluation reports of Dr.

2  Morgan and Dr. Marks for DSHS and concurred in the findings except that she

3  opined that Plaintiff's impairments would have a duration of twelve months, with an

4  onset date of September 19, 2019.  AR 891.

5    The Court already found that the ALJ's discussion of Dr. Morgan's and Dr.

6  Marks's opinions addressed the most important factors required by the

7  administrative rules and was supported by substantial evidence.  Dr. Petaja added a

8  duration to limitations previously opined by Dr. Morgan but did not examine

9  Plaintiff herself nor review any material beyond the evaluation reports produced by

10  Dr. Morgan and Dr. Marks.  AR 888.  The Court already found no error in the ALJ's

11  treatment of those medical sources' opinion regarding limitations, and there is no

12  other basis to find that the ALJ erred with respect to Dr. Petaja.  Dr. Petaja did not

13  have an independent opinion of Plaintiff's limitations to either find persuasive or

14  not.  Therefore, the Court finds no error in the ALJ's treatment of Dr. Petaja.

15                    <u>Eugene Kester, MD and Jon Anderson, PhD</u>

16    Plaintiff argues that the ALJ erred in failing to include any limitation on

17  supervisor interaction in the RFC, "despite claiming to adopt" the psychologists'

18  opinions that Plaintiff is limited to occasional interaction with supervisors (Dr.

19  Kester) and limited to only brief and superficial interactions with coworkers and

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 24

supervisors (Dr. Anderson).  ECF No. 10 at 15 (citing AR 23, 27).  Plaintiff also contends that the ALJ erred in failing to make any findings regarding the amount of time that Plaintiff would be off-task and unproductive.  *Id.* at 15.

The Commissioner responds that the RFC adequately accounted for Dr. Kester's and Dr. Anderson's opinions, as the ALJ found Plaintiff capable of simple, routine tasks with a reasoning level of 2 or less and limited Plaintiff to work involving no interaction with the public and only occasional and superficial interactions with coworkers.  ECF No. 14 at 11 (citing AR 23).  The Commissioner contends that a supervisor is a type of coworker and that Plaintiff "fails to show that the addition of a limitation to brief and superficial contact with supervisors would have resulted in a different outcome."  *Id.*  According to the Dictionary of Occupational Titles ("DOT") the representative jobs that the ALJ identified, including warehouse worker, janitor, and industrial cleaner, do not require any social interaction beyond being able to accept instruction.  *Id.* at 11–12 (citing DOT 922.687-058, 381.687-018, and 919.687-014).

Dr. Kester assessed Plaintiff's mental residual functional capacity on June 17, 2020, and opined, in relevant part, that Plaintiff is "able to interact [occasionally with] the general public, co-workers [and supervisors]."  AR 109.  Dr. Anderson also assessed Plaintiff's mental residual functional capacity, on September 10, 2020,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 25

and opined, in relevant part, that "[o]verall the claimant is able to consistently carry out simple and well learned complex tasks that are independent of the [general public], brief interactions [with] coworkers."  AR 143.

The ALJ found Dr. Anderson's opinion "substantially persuasive because it is generally consistent with the medical evidence of record."  AR 27.  With respect to functional capacity, the ALJ noted that "Dr. Anderson stated that overall, the claimant was able to consistently carry out simple tasks and have brief interactions with coworkers in a low stress environment."  AR 26 (internal citation omitted).  The ALJ did not discuss Dr. Kester's opinion.  The ALJ formulated the RFC to include as a limitation that Plaintiff's work must involve "no interaction with the public and only occasional and superficial interaction with coworkers."  AR 23.

The Court finds no conflict between the RFC that the ALJ formulated and the ALJ's treatment of Dr. Anderson's opinion, and the ALJ's implicit treatment of the analogous opinion from Dr. Kester.  The RFC restricts Plaintiff to social interactions consistent with the limitations to which Dr. Kester and Dr. Anderson opined.  AR 23, 109, and 143.  The Court also finds no basis for finding error based on Plaintiff's bare assertion that the ALJ should have made findings regarding the amount of time that Plaintiff would be off-task and unproductive, without authority to support that such a failure would amount to erroneous treatment of these medical opinions.  *See*

ECF No. 10 at 15.  Therefore, the Court finds no error with respect to the opinions of Drs. Kester and Anderson.

### Kristine McMurray, ARNP

Plaintiff argues that the ALJ erred in finding the opinions that Plaintiff's mental healthcare provider, Ms. McMurray, expressed in her February 12, 2021 medical source statement "unpersuasive."  ECF No. 10 at 16.  Plaintiff asserts "As argued throughout, this is unsupported. Every mental health professional to evaluate [Plaintiff] or review the record assessed disabling limitations. Thus, the ALJ committed harmful legal error. When properly considered, [Plaintiff] is disabled." *Id.*

The Commissioner maintains that substantial evidence supports the ALJ's evaluation of Ms. McMurray's opinion as not consistent with the record.  ECF No. 14 at 16–17.  The Commissioner adds that even if an alternative interpretation were possible, the ALJ reasonably assessed that other opinions were more persuasive than Ms. McMurray's, and that Ms. McMurray's opinion was inconsistent with treatment notes that preceded it.  *Id.* at 17.

On February 12, 2021, Ms. McMurray opined in a medical source statement that Plaintiff is markedly to severely limited in eight basic work activities; Plaintiff suffers marked limitations in all "B" criteria; Plaintiff meets the "C" criteria of the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 27

mental Listings; Plaintiff would be off task and unproductive over 30 percent of a

40-hour weekly schedule; and Plaintiff would miss 4 or more days per

Month.  AR 1226–29.

The ALJ found:

> The opinion of Kristine McMurray, ARNP, in Exhibit 32F is
> unpersuasive because the medical evidence of record does not support
> the severity rating. Ms. McMurray opined severe limitation in the
> claimant's ability to perform activities within a schedule, maintain
> regular attendance, and be punctual; work in coordination with others;
> complete a normal workday/workweek; accept instructions and
> criticism from supervisors; get along with co-workers or peers;
> maintain socially appropriate behavior; travel to unfamiliar places or
> use public transportation; and set realistic goals. Ms. McMurray opined
> the claimant markedly limited in all four "paragraph B" criteria, the
> claimant meets the "paragraph C" criteria, and that the claimant miss
> four or more days of work per month due to symptoms.

AR 28.

In evaluating the supportability and consistency of Ms. McMurray's opinions,

the ALJ found that medical evidence conflicted with the severity to which Ms.

McMurray opined.  AR 28.  Indeed, substantial evidence supports that Plaintiff

demonstrated improvement and normal mental status examinations in the months

preceding Ms. McMurray's statement.  *See* AR 747, 892–94, 950, and 1113–14.

The Court does not find error in the ALJ's treatment of Ms. McMurray's medical

source opinions.

/ / /

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 28

1      ***Step Three***

2             Plaintiff asserts that the ALJ erred by "failing to address the paragraph 'C'

3      criteria and failing to adequately interpret the paragraph 'B' criteria is [sic] asserting

4      that the objective evidence supported nothing more than moderate limitations."  ECF

5      No. 10 at 3; *see also id.* at 16–17.  Plaintiff argues that Plaintiff's treatment provider,

6      Lori Williams, LMHC, summarized Plaintiff has having "a history of depression

7      with psychotic features and anxiety" and "[r]ecent symptoms include having trouble

8      sleeping, trouble turning her mind off at night, she has little appetite, she has

9      frequent shifts in mood, she has panic attacks, she has trouble with concentration,

10     she is having visual and auditory hallucinations and is having difficulty dealing with

11     her emotions of transitioning from a male to a female."  *Id.* at 17 (citing AR 1078).

12     Plaintiff also quotes Ms. Williams as observing that Plaintiff presented with a broad

13     mood and affect.  *Id.*  Furthermore, Plaintiff maintains that the record "documents

14     instances of suicidal ideation . . . tending to support affirmation of the paragraph 'C'

15     criteria and a determination of disabled."  *Id.*

16            The Commissioner responds that the ALJ reasonably determined that

17     Plaintiff's impairments did not satisfy the requisite criteria of Listings 12.04, 12.06,

18     12.08, or 12.15.  ECF No. 14 at 3–4.  The Commissioner maintains that presenting

19     with a broad mood and affect to a mental health counselor does not show that

20

21     ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
       AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
       JUDGMENT ~ 29

Plaintiff "had marked or extreme limitations in any of the paragraph B criteria." *Id.*

at 5.  With respect to paragraph C, the Commissioner maintains that Plaintiff does

not explain how suicidal ideation satisfies either of the two requirements of

paragraph C, "evidence of (1) medical treatment, mental health therapy,

psychosocial support, or a highly structured setting that is ongoing and that

diminishes the symptoms and signs of the claimant's mental disorder; and (2)

marginal adjustment, meaning the claimant has minimal capacity to adapt to changes

in his or her environment or to demands that are not already part of the claimant's

daily life." *Id.* at 5–6 (citing 20 C.F.R. Part 404, Subpart P, App. 1, 12.04C, 12.06C,

12.15C).  Moreover, the Commissioner argues that even if the Court were to find

that the ALJ erred at step three, Plaintiff has not shown that her impairments

satisfied all of the requirements of any of the relevant listings.  *Id.* at 6.

At step three, the ALJ considers whether one or more of a claimant's

impairments meet or medically equal an impairment listed in Appendix 1 to Subpart

P of the regulations. Plaintiff bears the burden of proof at step three.  *Bowen v.*

*Yuckert*, 482 U.S. 137, 146 n.5 (1987).  "To equal a listed impairment, a claimant

must establish symptoms, signs and laboratory findings 'at least equal in severity

and duration' to the characteristics of a relevant listed impairment[.]" *Tackett v.*

*Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); § 416.926 (a).

1    The ALJ found at step three that Plaintiff's limitations did not satisfy the

2    paragraph B criteria for listings 12.04, 12.06, 12.08, and 12.15 because the

3    impairments do not cause at least two "marked" limitations or one "extreme"

4    limitation.  AR 21–23.  In assessing whether Plaintiff satisfied the criteria for a

5    listing, the ALJ found only mild and moderate functional limitations.  AR 21–23.

6    The ALJ noted that Plaintiff had told the consultative psychologist that she had a

7    history of suicidal ideation.  AR 23.  The ALJ did not discuss paragraph C criteria.

8    *See* AR 21–23.

9    To satisfy Paragraph C, a claimant must have a mental disorder that is

10   "serious and persistent," meaning the claimant has a medically documented history

11   of the existence of the disorder over a period of at least two years, and there is

12   evidence of both (1) medical treatment, mental health therapy, psychosocial

13   support(s), or a highly structured setting(s) that is ongoing and that diminishes the

14   symptoms and signs of the claimant's mental disorder; and (2) marginal

15   adjustment, that is, the claimant has minimal capacity to adapt to changes in her

16   environment or to demands that are not already part of the claimant's daily life.  20

17   C.F.R. Part 404, Subpart P, App. 1, 12.04C, 12.06C, 12.15C.

18   Plaintiff does not show that any history of suicidal ideation, her mental health

19   counselor's summary of Plaintiff's mental health history and symptoms, or her

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 31

1    mental health counselor's observation that Plaintiff presented with a "broad mood

2    and affect" required the ALJ to find that Plaintiff satisfies the criteria of either

3    Paragraph B or C. Therefore, any error for failing to discuss paragraph C for the

4    relevant listings is harmless, and the Court denies Plaintiff summary judgment on

5    this basis. The Court grants summary judgment to the Commissioner with respect to

6    the ALJ's step three assessment.

7        ***Subjective Symptom Testimony***

8        Plaintiff argues that the ALJ did not provide the requisite clear and convincing

9    reasons for making a negative credibility finding. ECF No. 10 at 18. Plaintiff

10   continues that "the ALJ did nothing more than reject [Plaintiff's] disabling

11   complaints on the basis of waxing and waning symptoms." *Id.*

12       The Commissioner responds that, "[h]ere, [Plaintiff] was diagnosed with

13   malingering, meaning the ALJ could reject her testimony without analysis." ECF

14   No. 14 at 3 (citing AR 1216).

15       To reject a claimant's subjective complaints, the ALJ must provide "specific,

16   cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)

17   (internal citation omitted). The ALJ "must identify what testimony is not credible

18   and what evidence undermines the claimant's complaints." *Id*. Subjective symptom

19   evaluation is "not an examination of an individual's character," and an ALJ must

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 32

consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms.  *See* SSR 16-3p, 2016 SSR LEXIS 4 (2016).

In deciding whether to accept a claimant's subjective pain or symptom testimony, an ALJ must perform a two-step analysis.  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  First, the ALJ must evaluate "whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)).  Second, if the first test is met and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so."  *Smolen*, 80 F.3d at 1281.

Moreover, a finding of malingering is sufficient to support an ALJ's rejection of a claimant's subjective reports.  *See Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).  The ALJ noted that there was a diagnosis of malingering when Plaintiff was hospitalized for three days in April 2016.  AR 24 (citing AR 1215–16).  The ALJ further reviewed Plaintiff's treatment record and cited to the materials indicating that Plaintiff's condition had improved through 2019 and 2020 and that she has presented to medical providers with her mood, affect, thought processes,

and/or behavior within normal limits, even while self-reporting suicidal thoughts. AR 25–26 (citing AR 451, 479, 483, 485, 547, 554, 558, 564, 644, 646, 747, 772–73, 840, 894, 963, 976, 995, 1032, 1068–70, 1084, 1095, 1097, 1099, 1112–13, 1179, and 1191).  The ALJ also noted that multiple providers diagnosed Plaintiff with moderate, rather than severe, depression.  *Id.*

The ALJ relied on substantial evidence in interpreting the medical record and in determining that there was a prior diagnosis of malingering.  Therefore, the ALJ offered legally sufficient rationale for discounting Plaintiff's subjective complaints. The Court grants summary judgment to the Commissioner on this issue and denies Plaintiff's Motion for Summary Judgment in relevant part.

### *Step Five*

Plaintiff contends that the ALJ erred at Step Five "by finding the claimant not disabled despite overwhelming medical and vocational evidence to the contrary." ECF No. 10 at 8.

However, having found no error in the ALJ's treatment of the medical opinions and Plaintiff's subjective symptom testimony, as described above, the Court correspondingly finds no step-five error.  The Court denies Plaintiff's Motion for Summary Judgment on this final ground.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 34

1      The Court finds no error in the ALJ's determination that Plaintiff was not

2 under a disability during the relevant time period.  Accordingly, the Court grants

3 summary judgment to the Commissioner and denies Plaintiff's request for summary

4 judgment in her favor.

5      **IT IS HEREBY ORDERED** that:

6      1.    Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **DENIED**.

7      2.    Defendant's Motion for Summary Judgment, **ECF No. 14**, is

8          **GRANTED**.

9      3.    Judgment shall be entered in favor of Defendant.

10      **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

11 Order, enter judgment as directed, provide copies to counsel, and **close this case**.

12      **DATED** June 8, 2022.

13

14              *s/ Rosanna Malouf Peterson*
              ROSANNA MALOUF PETERSON
              Senior United States District Judge

15

16

17

18

19

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY
JUDGMENT ~ 35